Allen,. J.,
dissenting. I dissent from the majority opinion and from the judgment of the court in this case, upon the ground that the case is exactly in line with that of City of Cincinnati v. Public Utilities Commission, 98 Ohio St., 320. That case, which has never been overruled, holds in the sixth paragraph of the syllabus:
“The fixing of a rate for the first ten years of a franchise granted for twenty-five years by a city, which reserves to the city the right to regulate rates from time to time as provided by law, does not change the franchise contract nor exhaust the power of the city thereunder. The original agreement constitutes one entire contract and such action conforms to and carries out its provisions.”
Judge Johnson, writing the opinion, says in his opening lines:
“It is familiar law, not questioned, that when a municipal corporation by ordinance gives its consent that a natural gas company may enter the municipality, lay down its pipes therein and furnish gas to consumers upon terms and conditions imposed by the ordinance, which are accepted in writing by the company, such action by both parties constitutes a contract and the rights of the parties thereunder are to be determined by the contract itself.”
In the instant ease, the municipal corporation by ordinance consented that the predecessors in interest of the United Fuel Gras Company enter the town, lay down pipes, and furnish gas to consumers, upon terms and conditions imposed in the ordinance, *204 which were accepted in writing by the predecessors in interest of the company, the time period of the franchise being twenty-five years.
That action upon both sides constituted a contract, which by its terms did not expire until 1922. The later fixing of a rate for ten years by the council did not change the contract, nor exhaust the powers of the city thereunder, and for that reason the public utilities commission had no jurisdiction to hear the complaint and appeal.